986 F.2d 503
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
 UNITED STATES Of AMERICA, Appellee,
v.
PARCEL OF REAL PROPERTY, The South 50 feet of the North 100
feet of Lot 108, Marlborough Heights, also known as 7209
Troost, Kansas City, Missouri, according to the recorded
plat thereof; Lots 3, 4, 5, 6, and the East 1/2 of Lot "A",
Block 18, except that part now in Armour Boulevard; Hyde
Park, also known as 19 East Armour, Kansas City, Missouri, a
subdivision in Kansas City, Jackson County, MO, Defendant,
Gilbert DOWDY, Claimant,
Arthur MITCHELL, Appellant,
HICKMAN MILLS PROPERTIES, Claimant.
 
 No. 92-1526.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: December 21, 1992.
Filed: February 3, 1993.
 Before JOHN R. GIBSON, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Arthur Mitchell appeals from the district court's[1] order striking his claim to the defendant property. We affirm.
 
 
 2
 The district court struck Mitchell's claim because Mitchell had failed to comply with Rule C(6) of the Supplemental Rules of Certain Admiralty and Maritime Claims. This court reviews the district court's decision to strike Mitchell's claim for abuse of discretion. See One Parcel of Property Located at RR 2, Independence, Buchanan County, Iowa, 959 F.2d 101, 104 (1992). "[A] district court does not abuse its discretion by requiring strict compliance with Supplemental Rule C(6)." United States v. Ford 250 Pickup 1990, VIN # 1FTHX26M1KA69552, No. 92-2228, slip op. at 5 (8th Cir. Dec. 8, 1992). Rule C(6) requires the claimant to file a verified claim within ten days after process has been executed, or within such additional time as may be allowed by the court, and to file an answer within twenty days after filing the claim. Mitchell filed only an unverified "response." He did not request leave to file his "Affidavit and Claim," dated over a year after he was served. We conclude that the district court did not abuse its discretion in holding that Mitchell had failed to comply strictly with the requirements of Rule C(6) and in striking his claim.
 
 
 3
 Mitchell's contention that collateral estoppel and double jeopardy bar the civil forfeiture proceeding fails because Mitchell was not a defendant in the prior criminal action and because neither collateral estoppel nor double jeopardy bars a civil, remedial forfeiture proceeding following acquittal on related criminal charges. United States v. One Assortment of 89 Firearms, 465 U.S. 354, 361-66 (1984).
 
 
 4
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Joseph E. Stevens, Jr., Chief Judge, United States District Court for the Western District of Missouri